**IN THE UNITED STATE DISTRICT COURT**

**STATE OF UTAH**

| | |
|---|---|
| JANUARY WALKER,<br><br>                         **Plaintiff,**<br><br>         **vs.**<br><br>**CHRIS WRIGHT, UNITED STATES DEPARTMENT OF ENERGY, PETE HEGSETH, UNITED STATES DEPARTMENT OF DEFENSE, VALAR ATOMICS LLC and ISAIAH TAYLOR,**<br><br>                         **Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No.  2:26-cv-00291**<br><br>**District Court Judge Ann Marie McIff Allen**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff January Walker ("Ms. Walker") moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 ("IFP Statute").[1] For the reasons explained below, the court recommends denying Plaintiff's motion and ordering Ms. Walker to pay the full filing fee.[2]

Under the IFP Statute, the court may authorize a plaintiff to commence a civil case without payment of the filing fee if plaintiff submits an IFP motion that demonstrates a financial inability to pay the filing fee.[3] When assessing an IFP motion, the court should consider whether

---

[1] ECF No. 2, Motion for Leave to Proceed In Forma Pauperis.

[2] *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding magistrate judge does not have the authority to enter an order denying an IFP motion and must issue a report and recommendation under Fed. R. Civ. P. 72(b)).

[3] 28 U.S.C. § 1915(a)(1); DUCivR 3-2(a)(1); *see also Lister,* 408 F.3d at 1312; *DeBardeleben v.*

the plaintiff can pay the filing fee and "still be able to provide himself and dependents with the necessities of life."[4] "[P]roceeding [IFP] in a civil case is a privilege, not a right . . . ."[5] "The decision to grant or deny [IFP] status under [the IFP Statute] lies within the sound discretion of the trial court."[6]

Ms. Walker's IFP motion does not demonstrate that she is unable to pay the filing fee. To the contrary, Ms. Walker indicates her home is valued at $380,000 and she has a vehicle worth $25,000.[7] Additionally, Ms. Walker has $1,200.00 in a VENMO account available to her. As a result, Plaintiff has the financial ability to pay the full filing fee and should be required to do so.

**RECOMMENDATION**

Because Ms. Walker fails to establish that she is unable to pay the filing fee, the court RECOMMENDS that the IFP motion be DENIED. If that recommendation is adopted, the court FURTHER RECOMMENDS that Ms. Walker be ordered to pay the full filing fee within 14 days

---

*Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991).

[4] *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948).

[5] *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified).

[6] *Cabrera v. Horgas,* 1999 U.S. App. LEXIS 7890, at *2 (10th Cir. Apr. 23, 1999) (unpublished).

[7] *See, e.g., Jackson v U.S. Department of Army,* 2014 U.S. Dist. LEXIS 83559, at *3 (D. Kan. May 15, 2014) (considering plaintiff's assets when denying IFP motion); *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 82603 (D. Kan. June 17, 2014); *Takaki v. Starbucks Haw.,* 2013 U.S. Dist. LEXIS 105644, at *3 (D. Haw. July 29, 2013) (denying IFP status in part because plaintiff had $1,615 in his accounts and owned a van worth $500); *Chang v. Greater Bay Bank,* 2007 U.S. Dist. LEXIS 43995, at *19 (N.D. Cal. June 7, 2007) (denying IFP because plaintiff had "assets in the form of equity in his home and cash in his bank account").

of the order adopting the recommendation and that she be warned her failure to do so will result in this case being dismissed without prejudice.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[8] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[9] Failure to object may constitute waiver of objections upon subsequent review

DATED this 22nd  day of April, 2026.

BY THE COURT

_____

DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[8] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[9] *Id.*

3